IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAMON L. HERRIN, INDIVIDUALLY, AND AS CO-INDEPENDENT EXECUTOR OF THE ESTATE OF BARBARA A. HERRIN, DECEASED; | § § § § § | |
| *Plaintiff,* | § § | 5-23-CV-00985-OLG-RBF |
| vs. | § § | |
| MSR ASSET VEHICLE LLC, PHH MORTGAGE CORPORATION, | § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando Garcia:**

The District Court referred all pretrial matters in this action for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 13. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, this case should be **DISMISSED** for want of prosecution.

**Factual and Procedural Background**

Plaintiff Damon Herrin, then represented by counsel, filed this lawsuit in the 57th Judicial District Court of Bexar County, Texas on July 28, 2023. Dkt. No. 1 ¶ 1; *see also Herrin v. MSR Asset Vehicle, LLC*, No. 2023CI15155 (57th Dist. Court, Bexar County, Tex. Aug. 10, 2023). On August 10, 2023, Defendant MSR Asset Vehicle removed the case to this Court on the basis of federal question jurisdiction. Dkt. No. 1 ¶¶ 5-6; 28 U.S.C. 1331. For the next three

months, Herrin was responsive and active in the case, until his attorney filed a motion to withdraw in mid-November, which the Court granted. Dkt. No. 12 (motion); Nov. 15, 2023, Text Order.

Since the withdrawal of his counsel, Herrin has not participated in the case, despite repeated warnings from the Court. On January 26, 2024, the Court set a hearing to be held February 20, 2024. Dkt. No. 14. Herrin did not appear. Dkt. No. 16. In response, the Court issued an order to show cause, which contained explicit instructions for Herrin:

> **IT IS THEREFORE ORDERED** that on or before **March 15, 2024**, Plaintiff shall file on the docket a written document not to **exceed three (3) pages to SHOW CAUSE for his failure to attend the February 20, 2024, status conference as ordered by the Court.** The response should further explain why the Court should not dismiss the case for failure to prosecute or comply with a court order. *See* Fed. R. Civ. P. 41(b). **If Plaintiff no longer wishes to pursue this case, Plaintiff may so indicate in the filing, and the case will be dismissed.** The Clerk's Office is directed to send a copy of this Order via certified mail, return receipt requested, to Plaintiff's last known address:
>
> Damon L. Herrin
> 702 Patricia Street
> San Antonio, Texas 78216.
>
> **If Plaintiff does not timely respond to this Order, the Court will recommend that the case be dismissed for failure to prosecute and failure to follow a Court Order.** *See* **Fed. R. Civ. P. 16 & 41.**

Dkt. No. 17. The certified mail copy of the order was returned to the Courthouse as unclaimed. Dkt. No. 19 (Court-only copy of certified mail receipt).

Next, on May 15, 2024, Defendant filed its Motion for Summary Judgment. Dkt. No. 23. Plaintiff did not file a response, despite one being due on or before May 29, 2024. *See* Rule CV-7 of the Local Rules for the United States District Court for the Western District of Texas (noting, "[a] response to [a non-discovery or case management] motion shall be filed not later than 14 days after the filing of the motion").

Most recently, on July 30, 2024, the District Court issued an order resetting this case's trial and pretrial conference dates. Dkt. No. 26. The Clerk's office again sent a copy of the order to Herrin's last known address via certified mail, and again it was returned as undeliverable. Dkt. No. 27. To date, Herrin has not filed any motions or documents since his counsel withdrew, or otherwise participated in this federal case, despite the Court's multiple attempts to contact him.

**Analysis**

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action either *sua sponte* or on a defendant's motion for failure to prosecute or comply with a court order to "achieve the orderly and expeditious disposition of cases." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). Here, Plaintiff Herrin shows no intent to prosecute this lawsuit, and Herrin has failed to comply with a Court order. Indeed, Herrin failed to appear at the February 20 hearing and did not respond to the Court's show cause order. While the Court's attempts to reach Herrin via mail have proven futile, Herrin should have known to check the status of his case through the exercise of reasonable diligence and should have provided the Court an up-to-date mailing address. The fact of removal is reflected in the state case. *See* 28 U.S.C. § 1446(d). And, prior to his withdrawal, Herrin's prior counsel provided written "notice of all pending deadlines in th[e] civil action and copies of all pleadings, motions, and orders filed" after attempting repeatedly to confer with Herrin via phone call and email. Dkt. No. 12 at 3-4. Even if the prior mailings failed to reach Herrin via certified mail, he had notice of this pending lawsuit in this Court. Herrin's continued lack of action demonstrates that he no longer wishes to prosecute this case. Having taken the aforementioned steps to engage Herrin and secure his participation in the case, the Court has no option but to recommend that the case be dismissed.

In making this recommendation, the Court recognizes that "[t]he scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice." *Brown v. King*, 250 Fed. App'x 28, 29 (5th Cir. 2007). Nevertheless, the more-exacting scope of discretion reflects that dismissal is nonetheless warranted here because (1) there is a clear record of delay or contumacious conduct by Herin and (2) the Court determines that lesser sanctions would not serve the interests of justice by prompting diligent prosecution, or lesser sanctions have been employed but were futile. *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). In addition, at least one of the following three aggravating factors is present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. at n. 9. Indeed, "[t]he presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice." *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1985). As is required, "[t]he . . . court's consideration of lesser sanctions . . . appear[s] in the record for review of the court's exercise of its discretion." *Sturgeon v. Airborne Freight Corp*., 778 F.2d 1154, 1159 (5th Cir. 1985). Here, Plaintiff Herrin has caused months of delay by his failure to participate in and prosecute his case. Furthermore, the Court has attempted to encourage Herrin's participation in this case without success. Any lesser sanctions would therefore be futile. The requirements for dismissal are met under the circumstances presented, and dismissal is warranted.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that this case be dismissed for want of prosecution and failure to comply with a court order.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in

this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 13th day of September, 2024.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE